UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KATHERINE REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:12-cv-18 |
| ) | |
| TENNESSEE FARMERS MUTUAL ) | JUDGE TRAUGER |
| INSURANCE COMPANY, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

# PROPOSED AGREED PROTECTIVE ORDER

The parties to this action hereby request that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as follows:

1. The Agreed Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

2. The Agreed Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a) Information about defendant's business that it considers confidential, proprietary, and competitively sensitive;

(b) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits; and

(c) Information about plaintiff's mental and physical health, including records of treatment and consultation, tax returns or relevant tax information, educational records, and employment records.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Both parties will use their best efforts to limit the number of documents designated Confidential.

4. In the case of documents and information in electronic format, no such information shall be placed in any mobile computing or storage device, including CD-roms, flash drives, laptop computers, unless the information is encrypted or password protected such that it is reasonably protected from inadvertent disclosure should the mobile device be stolen, misplaced, or otherwise placed in the possession of an unqualified person.

5. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used by any recipient for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6. Qualified recipients shall include only the following:

(a) in-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) deposition notaries and staff;

(c) persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) deponents during the course of their depositions; and

(e) the parties to this litigation, their officers, and professional employees.

7. Each counsel shall be responsible for providing notice of the Agreed Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Agreed Protective Order. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to

resolve such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Agreed Protective Order.

9. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

10. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

11. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties shall return or destroy all previously furnished Confidential Information including any copies thereof.

12. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

4

13. Nothing in the Agreed Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

The parties agree that this protective order complies with and should be entered pursuant to Fed. R. Civ. P. 26(c).

So ordered this  9th   day of   October    2012.

_____
JUDGE ALETA A. TRAUGER

**APPROVED FOR ENTRY:**

_____
Wade B. Cowan, (S.C. #9403)
150 Second Avenue North, Suite 225
Nashville, TN 37201
(615) 256-8125 phone
wcowan@dhhrplc.com
*Attorney for Plaintiff*


s/ Kenneth M. Switzer
Kenneth M. Switzer (S.C. #5785)
150 Second Ave. North, Suite 201
Nashville, Tennessee 37201
(615) 256-1125
switzerlaw@aol.com

s/ J. Christopher Anderson
J. Christopher Anderson, #019279
C. Eric Stevens, #010632
LITTLER MENDELSON, P.C.
3200 West End Avenue, Suite 500
Nashville, TN 37203
(615) 383-3033
chrisanderson@littler.com
estevens@littler.com
*Attorneys for Defendant.*